UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MICHAEL PIRES, SR.                          :
       Petitioner,                         :
                                                :   PRISONER
v.                                          :   Case No. 3:18cv1726 (KAD)
                                                :
COMMISSIONER OF CORRECTION,                  :
       Respondent.                         :

## <u>ORDER</u>

The petitioner, Michael Pires, is currently confined at Cheshire Correctional Institution.

He filed this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He

challenges his 2006 conviction for murder.

As a preliminary matter, the petition is not filed on this court's section 2254 habeas form.

Because Local Rule 8(b) requires that petitions for writ of habeas corpus be filed on court forms,

the petition is deficient.  Accordingly, the court will order the petitioner to file an amended

petition on a section 2254 court form.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts

provides that a "petition must: (1) specify all grounds for relief available to the petitioner; (2)

state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten,

or legibly handwritten; and (5) be signed under penalty of perjury."  The petition for writ of

habeas corpus includes four grounds for relief.  The petitioner describes the first ground for relief

as: "A 'Motion to Dismiss' that's based on a corrupt act of (Malicious Persecution) a 'Tangible'

(cover up) of obstruction of justice against both Pireses case's."  Pet. Writ Habeas Corpus, ECF

No. 1, at 5.  The petitioner describes the second ground as: "Obstruction of Justice Act. That on

July 13, 2007, I gave attorney Linda Sullivan a statement of the incident in confidential, she hand

it over to Chief State's Attorney Kevin T. Kane, who share with Judge Patrick Clifford knowing it was forbidding to do so." *Id.* at 68. The petitioner describes the third ground as: "'Ineffective Assistance of Counsel' On this, I need the next appointed counsel to get the complete filing of my case from all my attorneys to complete my claims which I don't have." *Id.* at 69. The petitioner describes the fourth ground as: "An 'Overt Act' My claim is in charging these courts for conspiring together. Their actions threwout this case show elements of underlying crimes of Intrinsic Fraud carry out." *Id.* at 93. The habeas petition is sixteen pages in length with over 560 pages of attachments. *Id.* at 7-67, 71-92, 95-116, 121-191 & ECF No. 1-1 (Exhibits).

Other than the general claim of ineffective assistance of counsel, it is not clear that the other three grounds assert violations of the petitioner's federal constitutional rights. Federal courts are limited to reviewing claims that a state conviction was obtained in violation of some right guaranteed by the United States Constitution or other federal law. *See* 28 U.S.C. § 2254(a) (federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in state custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") In addition, a prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). To meet the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of

discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32. It is clear from the attachments to the habeas petition that the petitioner is aware of the grounds that were raised on direct appeal from his conviction as well as in the state habeas petition challenging his conviction on the ground of ineffective assistance of counsel. *See* Pet. Writ Habeas Corpus at 7-67.

With regard to the petitioner's reference to appointed counsel, he has not filed a motion seeking the appointment of counsel in this action and the court is not inclined to appoint counsel at this stage of the proceedings. A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). A district judge, however, has discretion to appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, if a district judge determines that a hearing is necessary, and justice requires it, he or she must appoint counsel to represent the petitioner. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. On this record, the court cannot conclude that a hearing is likely to be necessary or that justice requires the appointment of counsel.

If the petitioner seeks assistance in filing the amended petition for writ of habeas corpus, he may contact the Inmate Legal Assistance Program. Attorneys at the Inmate Legal Aid

Program may be contacted at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony | Burdo, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

Any amended petition must clearly and concisely state each ground for relief and the facts in support each ground. The petitioner must identify the federal rights, constitutional or statutory, he claims were violated in the state court proceedings. In addition, the petitioner must indicate whether he exhausted each ground by raising it on direct appeal or in a state habeas petition or other collateral proceeding in state court in the spaces provided on the form.

## Conclusion

The court directs the petitioner to file an Amended Petition on a Section 2254 court form within thirty (30) days from the date of this order. **The Clerk is directed to send the petitioner a copy of this order and an Amended Section 2254 Habeas Corpus Petition form.** The court concludes that the appointment of *pro bono* counsel is not warranted at this time. If the petitioner seeks assistance in filing the amended petition for writ of habeas corpus, he may contact the Inmate Legal Assistance Program at the address set forth above.

If the petitioner chooses not to file an amended petition within the time specified, the case shall be dismissed without further notice from the court.

SO ORDERED at Bridgeport, Connecticut this 29th day of January, 2019.

_____/s/Kari A. Dooley_____
Kari A. Dooley
United States District Judge