UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL D. PIRES, SR., : | |
|     Petitioner, : | |
| : | |
| v. : | Case No. 3:18cv1726(SVN) |
| : | |
| WARDEN WALKER and : | |
| COMMISSIONER ANGEL QUIROS, : | |
|     Respondents. : | |

**<u>RULING ON MOTION TO DISMISS</u>**

Petitioner Michael D. Pires, Sr. is currently confined at Cheshire Correctional Institution in Cheshire, Connecticut. After initially filing a petition for writ of habeas corpus that was docketed on October 17, 2018, ECF No. 1, he filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 on January 6, 2021. Am. Pet. Writ Habeas Corpus, ECF No. 21. The amended petition challenges his October 2006 conviction for murder and sixty-year sentence of imprisonment imposed pursuant to the murder conviction. Am. Pet. Writ Habeas Corpus, ECF No. 21, at 2.

Respondents move to dismiss the amended petition, arguing that the amended petition is barred by the one-year statute of limitations applicable to the filing of a habeas petition in federal court and, in the alternative, that the grounds for relief asserted in the amended petition are unexhausted. Mot. Dismiss, ECF No. 35. For the reasons set forth below, the Court rejects the argument that the amended petition is barred by the statute of limitations, but finds that the grounds for relief asserted in the amended petition have not been properly exhausted. Thus, the motion is granted in part and denied in part, and the amended petition is dismissed without prejudice.

I.      PROCEDURAL BACKGROUND

On August 16, 2006, in *State v. Pires*, Docket No. KNL-CR04-0092110-T, a jury found Petitioner guilty of murder in violation of General Statutes § 53a–54a.  Am. Pet. Writ of Habeas Corpus, ECF No 21, at 2; Exhibits to Am. Pet., ECF No. 28, at 29-30; Mem. Supp. Mot. Dismiss, App. A, ECF No. 36-1.  On October 13, 2006, a judge sentenced Petitioner to sixty years of imprisonment.  *Id.*  On direct appeal from his conviction, Petitioner raised two grounds.  He argued that the trial judge "improperly (1) denied him the constitutional right to self-representation and (2) [improperly] instructed the jury in several ways, including on the requisite intent for the charged crime and on his right not to testify."  *State v. Pires*, 122 Conn. App. 729, 731 (2010).  On July 27, 2010, the Connecticut Appellate Court affirmed the judgment of conviction.  *Id.*  Petitioner filed a petition for certification to appeal the decision of the Connecticut Appellate Court.  On February 1, 2011, the Connecticut Supreme Court granted the petition for certification "limited to the following issue: 'Did the Appellate Court properly determine that the defendant was not deprived of his constitutional right to self-representation?'"  *State v. Pires*, 300 Conn. 904 (2011).  On October 8, 2013, the Connecticut Supreme Court affirmed the decision of the Connecticut Appellate Court.  *State v. Pires*, 310 Conn. 222, 255 (2013).

On February 26, 2007, before the direct appeal of his conviction became final, Petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland at Rockville, *Pires v. Commissioner of Correction*, Docket No. TSR-CV07-4001591-S.  In an amended petition filed in that action on June 23, 2014, Petitioner asserted a claim that his trial attorney or attorneys rendered ineffective assistance by failing to adequately convey to the judge that he wanted to represent himself.  *Pires v. Commissioner of Correction*,

Docket No. TSR-CV07-4001591-S; Mem. In Supp. Of Mot. To Dismiss, App. D, ECF No. 36-4. On January 16, 2015, a superior court judge denied the petition. *See id.*, App. F, ECF No. 36-6. Petitioner appealed the decision. On June 20, 2017, the Connecticut Appellate Court affirmed the denial of Petitioner's habeas petition. *State v. Pires*, 174 Conn. App. 121, 123 (2017). On September 27, 2017, the Connecticut Supreme Court denied the petition for certification to appeal the decision of the Connecticut Appellate Court. *State v. Pires*, 327 Conn. 907 (2017).

Petitioner's original habeas petition was docketed in this Court on October 17, 2018. ECF No. 1. After this case was dismissed and reopened, he filed an amended petition on January 6, 2021. Am. Pet. Writ Habeas Corpus, ECF No. 21.

## II. DISCUSSION

Respondents raise two arguments in support of their motion to dismiss. They argue that the amended petition is barred by the one-year statute of limitations applicable to the filing of a habeas petition in federal court and, in the alternative, that the grounds for relief asserted in the amended petition are unexhausted.

### A. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code imposes a one-year statute of limitations on the filing of a federal petition for a writ of habeas corpus challenging a state court judgment of conviction. 28 U.S.C. § 2244(d)(1). A state prisoner seeking federal habeas relief must file his petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period may be tolled for the period during which a properly filed state habeas petition is pending. 28 U.S.C. § 2244(d)(2). The filing of a federal habeas petition does not toll the running of the one-year limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Respondents acknowledge that Petitioner's filing of a state habeas petition in February 2007, while the direct appeal of his conviction was still pending, tolled the statute of limitations until the Connecticut Supreme Court denied the petition for certification to appeal from the decision of the Connecticut Appellate Court affirming the denial of the state habeas petition on September 27, 2017. At the conclusion of the appeal of the state habeas petition, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) began to run. It expired on September 28, 2018. Respondents contend that Petitioner did not file the present petition until October 17, 2018, more than a year after his state habeas petition became final.

Pursuant to the "prison mailbox rule," a *pro se* prisoner's complaint is deemed to be filed when it is delivered to prison officials for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *opinion modified on reh'g*, 25 F.3d 81 (2d Cir. 1994). The purpose of the prison mailbox rule is to offset the "unique difficulties" that *pro se* prisoners encounter when attempting to file papers, as they "cannot personally ensure receipt of [their] legal documents by the court clerk . . . [or] even place [their] complaint[s] directly into the hands of the United States Postal Service[.]" *Id.* This rule has been extended to the filing of habeas petitions in federal court. *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Thus, a court must look to the date

a *pro se* prisoner gave his petition to prison officials to be mailed to the clerk for filing, rather than the date the petition was actually received and stamped as filed by the clerk, for purposes of determining the timeliness of a petitioner's claims. *Id.*; *Nash v. Kressman*, No. 11cv7327 (LTS), 2013 WL 6197087, at *4 (S.D.N.Y. Nov. 27, 2013).

Petitioner argues that he signed the petition on September 25, 2018, in the presence of a correctional official, and that he swore under penalty of perjury that he placed the petition for writ of habeas corpus in the prison mailing system the same day that he signed it. Mem. In Opp'n to Mot. To Dismiss, ECF No. 43, at 2. A review of the initial habeas petition, ECF No. 1, reflects that it includes a sworn statement that Petitioner placed the petition in the prison mailing system on September 25, 2018.[1] *Id.* at 120. In view of the prison mailbox rule, the Court deems the petition to have been filed on the date Petitioner states that he signed it and handed it to prison officials for mailing to the Court—September 25, 2018. This date is within the statute of limitations, which expired on September 28, 2018. Accordingly, the petition was filed within the one-year statute of limitations. The motion to dismiss is denied on this ground.

B. **Exhaustion of State Court Remedies**

Respondents argue in the alternative that Petitioner did not exhaust state court remedies as to any claims asserted in the amended petition for writ of habeas corpus. A prerequisite to habeas relief under § 2254 is the exhaustion of all available state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement

---

[1] Under Fed. R. Civ. P. 15(c), applicable to habeas proceedings by 28 U.S.C. § 2242, "[a]mendments [to a habeas petition] made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings [arise] out of the conduct, transaction, or occurrence" that was "set out—or attempted to be set out—in the original pleading[.]" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (internal quotation marks omitted); Fed. R. Civ. P. 15(c)(1)(B). Because the amendments were ordered by the Court to ensure that Petitioner submitted his petition on the proper form (*see* ECF No. 7), the Court concludes that the amended petition relates back to September 25, 2018, when Petitioner placed the original petition in the prison mailing system.

seeks to promote considerations of comity and respect between the federal and state judicial systems. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation[.]'") (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)); *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.").

To meet the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A petitioner "fairly present[s]" their federal claim "to each appropriate state court, including a state supreme court with powers of discretionary review," if the petitioner "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Respondents contend that only three claims have been fully exhausted in state court: (1) the claim that the trial court improperly instructed the jury in several different ways; (2) the claim that the trial judge improperly deprived Petitioner of his right to represent himself at trial,

as those claims were asserted by Petitioner on direct appeal from his conviction; and (3) the ineffective assistance of counsel claim as that claim was asserted by Petitioner in his 2007 state habeas petition. Respondents contend further that the four grounds asserted in the present amended petition do not include any of the claims that were exhausted by Petitioner on direct appeal or in his state habeas petition.

As observed by the Respondents, other than the third ground for relief that includes a claim of ineffective assistance of trial counsel, the basis of each of the other three grounds for relief is somewhat difficult to discern.[2] The first ground for relief may be construed to assert a claim of malicious prosecution based on trial counsel's failure to move to join Petitioner's son as a defendant in Petitioner's criminal case and/or the trial judge's failure to grant a motion for joinder of Petitioner's son as a defendant. Am. Pet. Writ Habeas Corpus, ECF No. 21, at 68. The second ground for relief includes a claim that the attorney who represented Petitioner during pretrial proceedings breached attorney/client privilege and conveyed a statement that Petitioner made to her to the police or the state's attorney. *Id.* at 70. The third ground for relief raises a claim that counsel rendered ineffective assistance at trial by subjugating his interests in favor of his son's interests and failing to object to certain rulings and orders of the trial judge. *Id.* at 72. The fourth ground for relief described as "'An Avert Act' is one done to carry out the intent, violation to conspiracy," includes seven claims of trial court error. *Id.* at 74.

The first and second grounds were not presented to the state court in any form.

Although the third ground for relief includes a claim of ineffective assistance of trial counsel, this claim is different from the ineffective assistance of counsel claim asserted by

Petitioner in his 2007 state habeas petition. As indicated above, Petitioner alleged in his amended state habeas petition that his attorney rendered ineffective assistance at trial by failing to adequately convey to the judge that he wanted to represent himself. *See Pires v. Commissioner of Correction*, Docket No. TSR-CV07-4001591-S; Mem. In Supp. of Mot. to Dismiss, App. D, ECF No. 36-4. By contrast, Petitioner alleges in the present federal habeas petition that his attorney rendered ineffective assistance at trial by subjugating his interests in favor of his son's interests, for example, by "coaching" Petitioner's son against him, using the State's evidence against him, and failing to object to certain rulings and orders of the trial judge regarding the jury instructions and dismissals. Am. Pet. Writ Habeas Corpus, ECF No. 21, at 72. This distinct factual theory of ineffective assistance of counsel was not fairly presented to the state court when it reviewed the ineffective assistance of counsel claim raised in Petitioner's 2007 state habeas petition. *See Baldwin v. Reese*, 541 U.S. at 32.

Finally, the fourth ground for relief includes a claim regarding the trial court's jury charge. Petitioner states that the trial court erred when it "told the jury to charge me of principal or as accessory knowing the State had nothing to charge me of doing. The court was bias on this one?" Am. Pet. Writ Habeas Corpus, ECF No. 21 at 74. This claim is different from the alleged improper jury instruction claims raised by Petitioner on direct appeal, which involved the intent instructions, unanimity instructions, and the Petitioner's right not to testify. *Pires*, *supra*, 122 Conn. App. at 731.

Thus, the Court concludes that none of the grounds or claims asserted in the amended petition have been exhausted in state court.

---

[2] Respondents note that the Amended Petition includes five pages titled "Exculpatory Evidence That Not Made It To Trial." ECF No. 21 at 76-80. Petitioner does not identify this list of evidence as a

Even if a claim has not been exhausted in state court, however, a federal court may deem it exhausted if it determines that the state judicial system provides no available avenues for review of the claim. 28 U.S.C. § 2254(b)(1)(B)(i) & (ii) (federal district court may consider a claim that has not been exhausted in state court if "there is an absence of available State corrective process; or . . . circumstances exist that render [the state court] process ineffective to protect the rights of the [petitioner]."); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented"); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (if a claim is not exhausted because it has never been raised in a state court, "a federal court may theoretically find that there is an absence of available corrective process under § 2254(b)(1)(B)(i) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile").

Petitioner alleged no facts to suggest the absence of an available avenue for relief in state court. Nor has he identified any reason why he cannot pursue relief in state court. Petitioner was represented by counsel on direct appeal from his conviction, in the trial held to address the claims asserted in the state habeas petition, and on appeal from the denial of the habeas petition. *See* Am. Pet. Writ Habeas Corpus, ECF No. 21, at 83; *Pires*, *supra*, 122 Conn. App. 731; Mem. In Supp. Of Mot. To Dismiss, App. E, ECF No. 36-5, (Transcript dated October 31, 2014 from Habeas Hearing); Apps. H, J, ECF Nos. 36-8, 36-10 (Petitioner's Appeal Brief & Reply Brief filed by Attorney Peter Tsimbidaros). Respondents contend that Petitioner could file a second state habeas petition arguing that the attorney who represented him on direct appeal of his conviction or the attorney who represented him in the state habeas petition was ineffective for

---

ground for relief and the Court does not construe it as such.

failing to raise the grounds for relief that he asserts in this amended petition. *See, e.g.*, *Lozada v. Warden*, 223 Conn. 834, 842-43 (1992) (petition for writ of habeas corpus "may be used as a vehicle to challenge the competency of appellate counsel" and is also "an appropriate remedy for ineffective assistance of appointed habeas counsel"); *Harris v. Commissioner of Correction*, 108 Conn. App. 201, 210-11 (2008) (petitioner could file a fourth petition for writ of habeas corpus raising claims that counsel who represented him in prior state habeas petition was ineffective for failing to investigate and pursue claims).

Because Petitioner does not assert that the opportunity for redress in state court is nonexistent or that the state court process is inadequate, he is not excused from exhausting his state remedies before proceeding in federal court. Because the claims asserted in the four grounds for relief set forth in the present amended petition are not procedurally barred in state court, they will not be deemed exhausted because Petitioner may still seek review of those claims in state court. *See, e.g.*, *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (an exception to the exhaustion requirement is appropriate "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient" that any attempt to secure relief in state court is rendered "futile").

In *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the Second Circuit recommended that when "an outright dismissal" of a petition containing both exhausted and unexhausted claims "could jeopardize the timeliness of a collateral attack," a district court should stay the exhausted claims and dismiss the unexhausted claims with a direction to the petitioner to timely complete the exhaustion process and return to federal court. *Id.* at 380-82 (internal quotation marks and citations omitted). There is no basis on which to stay this action because none of the grounds in amended petition have been exhausted. *See Campbell v. Erfe*, No. 3:16-CV-1236 (AWT), 2016

WL 4926411, at *2 n.2 (D. Conn. Sept. 14, 2016) ("*Zarvela* is inapplicable because the petition includes no exhausted claims. Thus it is not a mixed petition and there are no exhausted claims to stay.").

Accordingly, the motion to dismiss is granted on the ground that Petitioner did not exhaust his available state court remedies prior to filing this action and the amended petition is dismissed without prejudice. Petitioner may file a new habeas petition in federal court after he has fully exhausted his claims in state court.[3]

### III. Conclusion

The Motion to Dismiss, **ECF No. 35,** is **DENIED** on the ground that the amended petition is barred by the one-year statute of limitations, but **GRANTED** on the ground that Petitioner failed to exhaust his available state court remedies as to any ground asserted in the amended petition. Accordingly, the Amended Petition for Writ of Habeas Corpus, **ECF No. 21**, is **DISMISSED** without prejudice. Petitioner may file a new federal habeas petition after has fully exhausted all available state court remedies as to the claims in the amended petition.

The Court concludes that jurists of reason would not find it debatable that Petitioner failed to fully exhaust his state court remedies as to any ground for relief asserted in the amended petition. Thus, a certificate of appealability will not issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds

---

[3] The Court notes that any subsequent federal habeas petition that Petitioner files may be barred by the one-year statute of limitations because the filing and pendency of a federal habeas petition does not toll the statute of limitations period. *Duncan v. Walker*, *supra*, 533 U.S. at 181-82. The United States Supreme Court has held, however, that the doctrine of equitable tolling applies in § 2254(d) cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling may be applied in habeas cases only when a petitioner can establish that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

without reaching the underlying constitutional claim, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.

SO ORDERED at Hartford, Connecticut this 18th day of January, 2022.

                                                                 /s/
                                        Sarala V. Nagala
                                        United States District Judge